**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rusty William Tinker,<br><br>Plaintiff,<br><br>v.<br><br>CrimShield, Incorporated,<br><br>Defendant. | No. CV-22-00339-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant CrimShield, Incorporated's ("CrimShield") motion to dismiss and compel arbitration. (Doc. 10.) The motion is fully briefed. (Docs. 13, 14, 24.) For the following reasons, CrimShield's motion is granted.[1]

**I.   Background**

Plaintiff Rusty William Tinker applied for employment with Communications Unlimited Incorporated in December 2021. (Doc. 1 ¶ 24.) As a prerequisite for employment, Tinker consented to a background check by signing an "Application for Non-Employee Security Clearance Eligibility Determination by my Employer's Client for Certain Restricted/Limited Access to my Employer's Client's Customers Facilities and Construction Sites; and other Written Instructions, Waivers and Agreements by Me" ("Application"). (*Id.* ¶¶ 25-26; Doc. 10-1.) The Application contains an agreement requiring arbitration of any claim linked to "the credit reporting agency that performed the

---

[1] CrimShield's request for oral argument is denied because the issues are adequately briefed and oral argument would not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

original background investigations." (Doc. 10-1 ¶ 10.) The Application also includes provisions requiring Tinker bear his own attorney fees and costs as well as to waive his rights to appeal. (*Id.* ¶ 14.)

CrimShield performed Tinker's background check. (Doc. 1 ¶ 25.) In January 2022, Tinker accessed the report produced by CrimShield, which indicated that he had been found guilty of a felony. (*Id.* ¶ 33.) The same day, Tinker submitted an online dispute to CrimShield. (*Id.* ¶ 45.) Tinker claims that the reported incident was in fact only a misdemeanor. (*Id.* ¶ 20.) After several email and phone communications, the dispute remained unresolved. (*Id.* ¶¶ 46-65.)

In March 2022, Tinker filed a complaint alleging that CrimShield violated the Fair Credit Reporting Act ("FCRA") by inaccurately reporting his criminal history and failing to correct the inaccuracies. CrimShield moves to compel arbitration pursuant to the Application's arbitration provision. (Doc. 10.)

**II.     Legal Standard**

The Federal Arbitration Act ("FAA") provides that written contracts to arbitrate disputes "shall be valid, irrevocable, and enforceable except upon grounds that exist at common law for the revocation of a contract." 9 U.S.C. § 2; *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (discussing liberal federal policy favoring valid arbitration agreements). "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

Due to the strong federal policy favoring arbitration agreements, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Therefore, this Court's limited role is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130

(9th Cir. 2000). "Where a contract contains an arbitration [agreement], courts apply a presumption of arbitrability as to particular grievances, and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts, Ltd. v. Atl.-Pac. Capital, Inc.*, 497 Fed. App'x. 740, 742 (9th Cir. 2012).

## III. Discussion

If the Application's arbitration provision is valid and enforceable, there is no question that it encompasses the dispute at hand. Instead, Tinker argues that no valid agreement to arbitrate exists because (1) CrimShield, as a non-signatory to the Application, cannot enforce the arbitration provision and (2) even if CrimShield could, the arbitration provision is unconscionable. (Doc. 13 at 5-9.) CrimShield counters that (1) it can enforce the arbitration provision, (2) the provision is not unconscionable, but (3) if any part is found to be unconscionable, the Court can sever it. (Doc. 14 at 6-7.)

### A. Enforcement by a Non-signatory

"State law controls whether federal courts may enforce arbitration agreements against signatories at the request of non-signatories." *Tradeline Enters. Private v. Jess Smith & Sons Cotton, LLC*, 772 Fed. App'x 585, 586 (9th Cir. 2019). "Under Arizona law, which controls in this case, a non-signatory may compel arbitration with a signatory to an arbitration agreement if the claims at issue are 'intimately founded in and intertwined with the underlying contract obligations.'" *Id.* (quoting *Sun Valley Ranch 308 Ltd. P'Ship v. Robson*, 294 P.3d 125, 135 (Ariz. Ct. App. 2012)).

Tinker argues that CrimShield's inaccurate reporting is not intertwined with the Application. The Court disagrees. The whole purpose of the Application was to obtain Tinker's consent to a background check. CrimShield performed the background check, and that background check forms the basis of Tinker's FCRA claims. Furthermore, the Application states that "any claim, dispute or controversy linked to, arising out of, or in any way related to, or associated with . . . the credit reporting agency that performed the original background investigations . . . shall all be decided solely and only by arbitration." (Doc. 10-1 ¶ 10.) The Application unmistakably contemplated claims such as these would

be arbitrated. Because the claims brought by Tinker are intimately founded in and intertwined with the underlying contractual obligations of the Application, CrimShield can compel Tinker to arbitrate them.

### B. Unconscionability

Under Arizona law, unconscionability has both procedural and substantive elements. *Maxwell v. Fidelity Fin. Servs., Inc.*, 907 P.2d 51, 58-59 (Ariz. 1995). An agreement may be found unenforceable based on substantive unconscionability alone. *Id.* at 59. Tinker argues that the arbitration provision is both procedurally and substantively unconscionable.

#### 1. Procedural Unconscionability

"Procedural unconscionability is concerned with unfair surprise; courts examine factors influencing 'the real and voluntary meeting of the minds of the contracting party: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, [and] whether alterations in the printed terms were possible[.]'" *Wernett v. Serv. Phx., LLC*, No. CIV 09-168-TUC-CKJ, 2009 WL 1955612, at *3 (D. Ariz. July 6, 2009) (quoting *Maxwell*, 907 P.2d at 58). The Court also considers whether the terms comport with the parties' reasonable expectations. *See Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388, 394-98 (Ariz. 1984).

Terms might run counter to the parties' reasonable expectations when one party has reason to believe that the other would not have accepted the agreement if he had known it contained those particular terms. *Harrington v. Pulte Home Corp.*, 119 P.3d 1044, 1050 (Ariz. Ct. App. 2005). But "[m]ere inequality in bargaining power is not sufficient to invalidate an arbitration agreement." *EEOC v. Cheesecake Factory, Inc.*, No. CV 08-1207-PHX-NVW, 2009 WL 1259359, at *3 (D. Ariz. May 6, 2009) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991)). Even where terms are non-negotiable or the weaker party does not understand all of them, an agreement will be enforced so long as it is neither unreasonable nor unduly oppressive. *Id.* (citing *Phx.*

*Baptist Hosp. & Med. Ctr. v. Aiken*, 877 P.2d 1345, 1349 (Ariz. Ct. App. 1994) and *Broemmer v. Abortion Servs. of Phx., Ltd.*, 840 P.2d 1013, 1016 (Ariz. 1992)).

Tinker argues that the terms of arbitration are procedurally unconscionable because he had no bargaining power: he did not draft the Application and he did not have the ability to alter any of the terms or opt out of the arbitration provision. However, other than the mere inequality in bargaining power, which alone is not sufficient to invalidate, Tinker fails to identify facts suggesting unfair surprise, mistake or ignorance of important facts, or other aspects of the transaction that would justify invalidating the arbitration provision based on procedural unconscionability. Arizona law requires more than Tinker has proffered. The arbitration provision is not procedurally unconscionable.

### 2. Substantive Unconscionability

"Substantive unconscionability addresses 'the actual terms of the contract and . . . the relative fairness of the obligations assumed.'" *Duenas v. Life Care Ctrs. of Am., Inc.*, 336 P.3d 763, 769 (Ariz. Ct. App. 2014) (quoting *Maxwell*, 907 P.2d at 58). "Relevant factors include whether the contract terms are so one-sided as to oppress or unfairly surprise an innocent party, whether there is an overall imbalance in the obligations and rights imposed, and whether there is a significant cost-price disparity." *Id.* Tinker asserts that the arbitration provision is substantively unconscionable because it is one-sided in its obligations, removes his right to appeal, and voids his statutory right to recover attorney fees and costs.

#### i. Mutuality of the Agreement

Tinker argues the arbitration provision is not mutual because it requires arbitration of all claims brought by him but does not impose the same requirement on claims CrimShield might have. For support, Tinker cites a recent decision from another judge in this District, which considered an identical arbitration provision in a case against CrimShield and concluded that it required arbitration only of claims brought by the prospective employee, and not of claims brought by the employer or the credit reporting agency. (Doc. 24-1.)

The Court agrees that the plain language of the arbitration provision is non-mutual but disagrees that the lack of mutuality renders it unconscionable. Arbitration agreements supported by adequate consideration need not impose mutual or equivalent obligations to be enforceable, particularly in the at-will employment context. *See Pinto v. USAA Ins. Agency Inc. of Texas (FN)*, 275 F. Supp. 3d 1165, 1171 (D. Ariz. 2017); *Coup v. Scottsdale Plaza Resort*, *LLC*, 823 F. Supp. 2d 931, 951-52 (D. Ariz. 2011); *Brady v. Universal Tech. Institute of Ariz., Inc.*, No. CV-09-1044-PHX-FJM, 2009 WL 5128577, at *2 (D. Ariz. Dec. 17, 2009); *Equal Emp. Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. CV-08-1207-PHX-NVW, 2009 WL 1259359, at *4 (D. Ariz. May 6, 2009). Tinker does not allege a lack of consideration—and the Court does not find one—therefore, the arbitration provision's lack of mutuality does not render it unconscionable.

Furthermore, Tinker fails to identify any plausible claims that CrimShield might bring against him in the first instance. This Court has addressed a similar argument before, in a case concerning an agreement that required the arbitration of disputes brought by a condominium association or unit owners and not those brought by the developer. *Desert Breeze Condo. Assoc. v. Richmond Am. Homes of Ariz. Inc.*, CV 14-00889-PHX-DLR, 2014 WL 12672631, at *6 (D. Ariz. Aug. 15, 2015). This Court upheld the agreement and explained that "the disputes that conceivably might arise between a condominium developer and the condominium association or individual unit owners typically will involve claims asserted by the association or unit owners against the developer." *Id.* The same is true here. The claims likely to arise between Tinker and CrimShield are claims that Tinker would bring in the first instance, so the non-mutuality of the arbitration provision has little to no practical impact.

### ii.     Right to Appeal

Tinker next argues that the arbitration provision's requirement that he "waive any and all rights to appeal" (Doc. 10-1 ¶ 14) is substantively unconscionable. The Court disagrees. The Ninth Circuit has acknowledged that non-appealability clauses can be construed in two different ways. *See In re Wal-Mart Wage and Hour Employment*

*Practices Litigation*, 737 F.3d 1262, 1265–66 (9th Cir. 2013). First, some circuits understand these clauses to only preclude a district court's review of the merits but not to preclude a review of the award under § 10 of the FAA, which provides grounds for vacatur. *Id.* Second, a court could understand these clauses to preclude a district court from reviewing the arbitration award in any manner, including those provided in § 10 of the FAA. *Id.* The first construction presents no concerns while the second is unconscionable.

The possibility of two constructions creates ambiguity, which must be resolved in favor of arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Therefore, this Court reads the clause as only waiving a merits appeal, not a § 10 review, avoiding the unconscionability problem identified in *In re Wal-Mart*.[2]

What's more, the Court sees a third, more reasonable, way to construe this non-appealability clause. Although a federal court may always review an arbitration award in order to vacate, modify, or correct, 9 U.S.C. §§ 10-11, that is not an "appeal" as that term is traditionally understood. But the American Arbitration Association ("AAA"), whose rules will govern any arbitration between Tinker and CrimShield (Doc. 10-1 ¶ 14), provides its own rules for optional appellate arbitration. *See* AAA Optional Appellate Arbitration Rules (effective Nov. 1, 2013), *available at* https://www.adr.org/sites/default/files/AAA-ICDR_Optional_Appellate_Arbitration_Rules.pdf. The non-appealability clause most likely means that Tinker waives any appeal under the AAA's otherwise optional appellate rules. Such a waiver would not render the arbitration provision substantively unconscionable.

### iii.  Limitation on Attorney Fees and Costs

Tinker lastly argues that the arbitration provision's requirement that "each party shall be responsible for their own attorney fees and costs" (Doc. 10-1 ¶ 14) is substantively unconscionable because under some circumstances fees and costs are available under the FCRA. The Court agrees. Arbitration agreements in the employment setting are

---

[2] Regardless, if the clause waives § 10 review it nevertheless could be severed because the Application has a severability clause. (Doc. 10-1 ¶ 16); *Tapia v. Braiform Enter.*, No. SACV 19-2434-JVS, 2020 WL 5163520, at *5 (C.D. Cal. Mar. 25, 2020).

unenforceable if they "fail to provide for all of the types of relief that would otherwise be available in court" or require the employee to pay "unreasonable costs." *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 895 (9th Cir. 2002).

Under the FCRA, Tinker would be entitled to costs and reasonable fees if he succeeds on his claims. *See* 15 U.S.C. § 1681n(a)(3), o(a)(2). The arbitration provision is substantively unconscionable to the extent it forecloses this type of relief. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003); *Bormann v. Waxie Enter. Inc.*, No. CIV 09-264-TUC-FRZ, 2009 WL 6325693 (D. Ariz. July 8, 2009).

But the unconscionability of the limitation on fees and costs does not render the entire arbitration provision unenforceable because the Application has a severability clause (Doc. 10-1 ¶ 16), and where one part of a severable contract is void, the Court may enforce the remainder of the contract. *See Hackin v. Pioneer Plumbing Supply Co.*, 457 P.2d 312, 319 (1969). Accordingly, although Tinker's statutory right to recover costs and reasonable fees if he succeeds on his FCRA claims must be preserved, he still may be forced to arbitrate.

## IV. Conclusion

Apart from the severable limit on recovering attorney fees and costs, a valid and enforceable agreement to arbitrate exists. There being no question that this dispute falls within the scope of that agreement,

**IT IS ORDERED** that CrimShield's motion to compel arbitration (Doc. 10) is **GRANTED**. The Clerk is directed to administratively close this case, whereupon, by proper motion of the prevailing party at arbitration, it may be reopened or dismissed with prejudice.

Dated this 4th day of October, 2022.

Douglas L. Rayes
United States District Judge